WR-83,286-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/14/2015 5:36:06 PM
Accepted 5/15/2015 10:47:17 AM
ABEL ACOSTA
CLERK

DOCKET NO. _____

IN THE
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
5/15/2015
ABEL ACOSTA, CLERK

**IN RE:**
**BRANDON JAY CARTER,**
**Relator**

# PETITION FOR WRIT OF MANDAMUS AND FOR WRIT OF PROHIBITION

Trial Cause No. 12-DCR-061186
In the 240th Judicial District Court of Fort Bend County, Texas
Honorable Thomas R. Culver III, Presiding

D. Chris Hesse # 24049081
112 West 8th Avenue, Suite 301
Amarillo, Texas 79101
Tel: (806) 350-6785
Fax: (806) 350-6786
Chris@PanhandleCriminalDefense.Attorney
Attorney for Relator,
Brandon Jay Carter

Michael Mowla #24048680
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
(972) 795-2401
Fax: (972) 692-6636
michael@mowlalaw.com
Of counsel to Relator

L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478-3500
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net
Of counsel to Relator

# IDENTITIES OF PARTIES AND COUNSEL

**Relator:**   Brandon Jay Carter

## Counsel for Relator:

David Christopher Hesse # 24049081
112 West 8TH Avenue, Suite 301
Amarillo, Texas 79101
Tel: (806) 350-6785
Fax: (806) 350-6786
Chris@PanhandleCriminalDefense.Attorney

L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

Michael Mowla #24048680
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
(972) 795-2401
Fax: (972) 692-6636
michael@mowlalaw.com

## Respondent:

Honorable Thomas R. Culver, III
240TH Judicial District Court
Fort Bend County Justice Center
1422 Eugene Heimann Circle
Courtroom: Room 3E
Richmond, Texas 77469
(281) 341-8600
Becky.Fisher@fortbendcountytx.gov

**Real Parties In Interest:**

**State of Texas**

Counsel for the State of Texas:

Honorable John F. Healey, Jr., District Attorney
Gail Kikawa McConnell, Ass't District Attorney
301 Jackson Street, Room 101
Richmond, TX 77469
(281) 238-3205
Fax: (281) 238-3340
Gail.McConnell@fortbendcountytx.gov

**Harris S. Wood, Jr.** #21894400
701 North Post Oak Road #425
Houston, Texas 77024
(281) 924-5876
Fax: (281) 579-1586
hwoodatty@yahoo.com

# TABLE OF CONTENTS

**Page**

IDENTITIES OF PARTIES AND COUNSEL.. . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

QUESTIONS PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

QUESTION NO. ONE: Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to remove counsel at the judge's discretionary whim, without a request from the defendant and without a hearing? If not, will mandamus issue to cause Respondent to set aside his order appointing Harris S. Wood, Jr. to represent Relator? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

QUESTION NO. TWO: When a defendant is seeking mandamus relief to set aside an order appointing new counsel, will a writ of prohibition issue to stay proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?.. . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT AND AUTHORITY .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

QUESTION NO. ONE RESTATED: The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at the judge's discretionary whim

and without a hearing. Mandamus should issue to cause the order removing counsel to be vacated... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Entitlement to Writ of Mandamus:. . . . . . . . . . . . . . . . . . . . . . . . . . 8

QUESTION NO. TWO RESTATED: A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Entitlement to Writ of Prohibition:. . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

APPENDICES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Mathews v. Eldridge*, 424 U.S. 319 (1976). . . . . . . . . . . . . . . . . . . . . . . 8

**State Cases**

*Ayres v. Canales*, 790 S.W.2d 554 (Tex. 1990). . . . . . . . . . . . . . . . . . . . 9

*De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004) (orig. proceeding).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ex parte Pink*, 645 S.W.2d 262 (Tex. Crim. App. 1982). . . . . . . . . . . . . 6

*Gaia Environmental, Inc. v. Galbraith*, 451 S.W.3d 398 (Tex. App. – Houston [14TH Dist.] 2014, review denied)... . . . . . . . . . . . . . . . . . . . . . . 6

*Garcia v. Peeples*, 734 S.W.2d 343 (Tex. 1987). . . . . . . . . . . . . . . . . . . . 9

*Humble Oil Co. Inc. v. Walker*, 641 S.W.2d 941 (Tex. App. – Dallas 1982, orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Kuntz*, 124 S.W.3d 179 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re State ex rel. Weeks*, 391 S.W.3d 117 (Tex. Crim. App. 2013) (orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984). . . . . . . . . . . . . . . . . . . 9

*Padilla v. McDaniel*, 122 S.W.3d 805 (Tex.Crim.App.2003) (orig. proceeding) (per curiam). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

***Simon v. Levario***, 306 S.W.3d 318 (Tex. Crim. App. 2009) (orig. proceeding)........................................................... 11

***Stearnes v. Clinton***, 780 S.W.2d 216 (Tex. Crim. App. 1989)........... 7-9

***Walker v. Packer***, 827 S.W.2d 833 (Tex.1992). ................... 8, 9

***West v. Solito***, 563 S.W.2d 240 (Tex. 1978). ...................... 9

## State Statutes

Art. 1, § 10, Texas Constitution.................................. 2, 5

Article V, § 1, Texas Constitution. ............................... 1

## U.S. Constitution

Amendment V, U.S. Constitution.................................. 2, 5

Amendment VI, U.S. Constitution................................. 2, 5

Amendment XIV, U.S. Constitution............................. 2, 5, 8

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Relator, Brandon Jay Carter, shows:

## STATEMENT OF THE CASE

The underlying suit (Cause No. 12-DCR-061186 in the 240TH Judicial District Court) is an indictment alleging burglary of a habitation with intention to commit a sexual assault. On December 10, 2012, David Christopher Hesse was appointed to represent Relator. Relator pleaded "not guilty," and the first trial of the case resulted in a hung jury. This hung jury caused a mistrial to be declared by the trial court on February 26, 2015. Although Relator had not expressed any dissatisfaction with or even any desire to have Hesse removed, on March 2, 2015, Respondent *sua sponte* signed an order that removed Hesse and appointed Harris S. Wood, Jr. to represent Relator. After the Relator filed his Petition for Writ of Mandamus in the First Court of Appeals, the Respondent signed an Amended Order removing David Christopher Hesse and appointing Harris Wood, Jr..

The case is now set on the court's docket for June 1, 2015 at 1:30 p.m..

## STATEMENT OF JURISDICTION

This Petition is brought pursuant to, and this Court has jurisdiction of this Petition pursuant to Article V, § 1, Texas Constitution.

1

This Petition is also brought under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. And this Petition is brought under Art. 1, § 10, Texas Constitution.

## QUESTIONS PRESENTED

**QUESTION NO. ONE:** Does the power of the trial court to appoint counsel to represent indigent defendants carry with it the concomitant power to remove counsel at the judge's discretionary whim, without a request from the defendant and without a hearing? If not, will mandamus issue to cause Respondent to set aside his order appointing Harris S. Wood, Jr. to represent Relator?

**QUESTION NO. TWO:** When a defendant is seeking mandamus relief to set aside an order appointing new counsel, will a writ of prohibition issue to stay proceedings in the trial court to thereby prevent interference with the jurisdiction of the Court of Appeals?

## STATEMENT OF FACTS

Relator was indicted for burglary of a habitation with intention to commit sexual assault. A true and correct copy of that indictment is attached hereto, marked Appendix 1, and incorporated by reference for all purposes. Relator denies the allegations of that indictment. Relator denies the

allegations of that indictment.

On December 10, 2012, David Christopher Hesse was appointed to represent Relator in Cause No. 12-DCR-061186 in the 240TH Judicial District Court. A true and correct copy of that order is attached hereto, marked Appendix 2, and incorporated by reference for all purposes.

Trial of this case was held from February 16, 2015 to February 26, 2015. On February 26, 2015, because of a hung jury, a mistrial was declared. A true and correct copy of the docket sheet is attached marked Appendix 3, and incorporated by reference for all purposes.

On March 2, 2015, Respondent removed David Christopher Hesse as Relator's attorney and appointed Harris S. Wood, Jr. to represent him. A true and correct copy of that order is attached and marked Appendix 4, and incorporated by reference for all purposes. No hearing was held before Respondent signed the order removing David Christopher Hesse as counsel for Relator.

Relator has not requested new counsel and, indeed, wishes for David Christopher Hesse to continue to represent him. *See* Relator's Declaration which is attached and incorporated herein as Appendix 5.

David Christopher Hesse did not find out about the order removing him

until he received a call from Harris S. Wood, Jr. on March 4, 2015. See Declaration of David Christopher Hesse attached hereto and incorporated herein as Appendix 8.

On March 13, 2015, Respondent signed an Amended Order removing David Christopher Hesse as Relator's attorney and appointing Harris S. Wood, Jr. to represent him. A true and correct copy of that order is attached and marked Appendix 6, and incorporated by reference for all purposes. No hearing was held before Respondent signed the amended order removing David Christopher Hesse as counsel for Relator.

Relator sought mandamus relief from the First Court of Appeals, which denied relief. See Appendix 7, attached hereto and incorporated herein. The instant application results.

## SUMMARY OF THE ARGUMENT

A trial judge acts without reference to guiding authority and violates the defendant's Due Process rights when, without a request from the defendant and without a hearing, the judge removes appointed counsel from representing an indigent defendant and appoints new counsel. Mandamus will issue to require the trial judge to set aside that order. Mandamus relief is available to address this abuse of discretion as Relator has no adequate

4

remedy by appeal and is entitled to mandamus relief.

A writ of prohibition should issue to prohibit Respondent from taking any further action on the underlying case until this appellate proceeding is concluded.

**ARGUMENT AND AUTHORITY**

**QUESTION NO. ONE RESTATED:** The power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at the judge's discretionary whim and without a hearing. Mandamus should issue to cause the order removing counsel to be vacated.

Relator's right to counsel implicates his rights under the under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. It also implicates his rights under Art. 1, § 10, Texas Constitution.

Relator's right to be heard before his appointed counsel is removed also implicates his Due Process rights under the Fourteenth Amendment of the United States Constitution.

As shown by his Declaration, Relator is not dissatisfied with his attorney and has not requested new counsel to be appointed. As no request for new counsel was made and since no hearing was held, it is clear that Respondent issued the orders *sua sponte*.

The "reasons" that Respondent recites in the Amended Order (Appendix

5

6) do not afford grounds for removing appointed counsel without a hearing. The amended order appears to be an "after-the-fact" attempt to justify the unjustifiable.

The recitation in the amended order of Hesse's request to be removed from the case relates to what transpired during trial in front of the Honorable Lee Duggan, Jr. and was necessitated by his failure to follow the procedure that this Court established as relates to an attorney's contempt.[1]

In **Pink**, this Court established the procedure to be used when an attorney is to be held in contempt in a trial.[2] When a trial judge does not follow the procedure set forth in **Pink** and threatens to hold an attorney in contempt during trial, that creates a conflict of interest for the attorney. This conflict is between the attorney's duty to zealously and aggressively represent his client[3] and being able to afford only "tentative representation, not the zealous representation that our profession rightly regards as an ideal and that the public has a right to expect"[4] because of the threat of being held in contempt.

---

[1]     ***Ex parte Pink***, 645 S.W.2d 262 (Tex. Crim. App. 1982). ▲

[2]     ***Ex parte Pink***, 645 S.W.2d 262 (Tex. Crim. App. 1982). ▲

[3]     ***Gaia Environmental, Inc. v. Galbraith***, 451 S.W.3d 398, 407 (Tex. App. – Houston [14TH Dist.] 2014, review denied). ▲

[4]     ***Gaia***, 451 S.W.3d at 403. ▲

Such a situation forces counsel to divide his loyalty between his duty to his client and his concerns that he may illegally deprived of his liberty. It was those concerns that prompted David Christopher Hesse to move for a mistrial and to request being withdrawn during trial.

That concern has passed in that nothing that David Christopher Hesse does at this point can cause him to again be held in contempt for aggressively and competently representing his client. Trial was before a visiting judge and counsel presumes that Respondent or the next judge will properly follow the procedure set forth in **Pink**.

The fact that there is a contempt proceeding pending against counsel does not change that fact or afford grounds to remove counsel.

**Respondent's Right to Remove Counsel:**

This Honorable Court has held "[T]hat the power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at his discretionary whim."[5] This Court further noted that, "the trial court did not have the inherent power to validly remove appointed counsel and doing so patently violated the relator's right to

---

[5] **Stearnes v. Clinton**, 780 S.W.2d 216, 223 (Tex. Crim. App. 1989). ▲ ▲

counsel."[6]

But that is what the Respondent did.

**Due Process Concerns:**

The Supreme Court has held that the "fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."[7]

But Relator was denied the opportunity to even be heard before his attorney was removed – originally or in the amended order.

**Entitlement to Writ of Mandamus:**

This Court has mandamus jurisdiction in criminal-law matters.[8]

Mandamus is an extraordinary remedy. Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law. Mandamus relief is available if the trial court violates a duty imposed by law.[9] A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is

---

6      ***Stearnes***, 780 S.W.2d at 223. ⏏

7      ***Mathews v. Eldridge***, 424 U.S. 319, 333 (1976). ⏏

8      ***Padilla v. McDaniel***, 122 S.W.3d 805, 807 (Tex. Crim. App. 2003) (orig. proceeding) (per curiam). ⏏

9      ***Walker v. Packer***, 827 S.W.2d 833, 839 (Tex.1992). ⏏

8

inadequate.[10] A trial court abuses its discretion if it acts without reference to any guiding rules and principles or if the trial court's act is arbitrary or unreasonable.[11] "A trial court has no discretion in determining what the law is or applying the law to the facts."[12] The "trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion."[13]

A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate.[14] This Court has previously held that the remedy by appeal in a situation such as this is inadequate.[15]

But that is exactly what Respondent has done. He has violated the law as laid down by this Court in **Stearnes v. Clinton**,[16] by removing appointed

---

[10]    *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003); *Ayres v. Canales*, 790 S.W.2d 554, 556 (Tex. 1990); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992); *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984).

[11]    *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

[12]    *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996)(citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

[13]    *Id.*

[14]    *Ayres v. Canales*, 790 S.W.2d 554, 556 (Tex. 1990); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987); *West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978).

[15]    *Stearnes v. Clinton*, 780 S.W.2d 216 (Tex. Crim. App. 1989).

[16]    *Stearnes v. Clinton*, 780 S.W.2d 216 (Tex. Crim. App. 1989).

counsel without a hearing and on his whim. And in so doing, he has acted directly in contravention of controlling precedent to interfere with the attorney-client relationship that exists between Relator and David Christopher Hesse. Mandamus should issue to set aside this order.

**QUESTION NO. TWO RESTATED:** A Writ of Prohibition should issue to prohibit Respondent from holding any hearings on the case until such time as the application for writ of mandamus shall have been determined.

Respondent has set the case on the trial court's docket on June 1, 2015, at 1:30 p.m.. As it presently stands, David Christopher Hesse has been removed as Relator's attorney and has no right to represent Relator at that hearing. Relator does not know whether this Court can rule on this application before that time.

### Entitlement to Writ of Prohibition:

The writ of prohibition is an extraordinary judicial writ that may be issued by a Court of Appeals, as a court of superior jurisdiction, directed to a court of inferior jurisdiction. Its purpose may be to prevent an inferior tribunal from exercising a jurisdiction that it has no lawful right to exercise. The writ of prohibition as used in Texas has three principal functions: (1) preventing interference with the higher courts in deciding a pending appeal;

(2) preventing an inferior court from entertaining suits which will relitigate controversies which have already been settled by the issuing court; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction.[17]

Mandamus and prohibition are available in a criminal proceeding if the relator shows that: (1) the act he seeks to compel or prohibit does not involve a discretionary or judicial decision; and (2) he has no adequate remedy at law to redress the harm that he alleges will ensue.[18]  The first prong requires the relator to show that he has a clear right to the relief sought, meaning that the facts and circumstances dictate only one rational decision under unequivocal, well-settled, and clearly controlling legal principles.[19]  When a relator seeks extraordinary relief that amounts to the undoing of an accomplished judicial act, that relief is more in the nature of mandamus than prohibition.[20]

Any attempt by Respondent to force the underlying case to hearings or

---

[17]     *Humble Oil Co. Inc. v. Walker*, 641 S.W.2d 941, 943 (Tex. App. – Dallas 1982, orig. proceeding). ▲

[18]     *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding); *see also* **In re State ex rel. Weeks**, 391 S.W.3d 117, 122–23 (Tex. Crim. App. 2013) (orig. proceeding); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding). ▲

[19]     *Simon*, 306 S.W.3d at 320. ▲

[20]     *Id.* at 320 n. 2. ▲

to trial will interfere with this Court's jurisdiction and will deprive Relator of the right to have the impropriety of the challenged order removing David Christopher Hesse determined before he is subjected to hearings or a trial hereunder.

A writ of prohibition should issue to prevent the Respondent from taking any action to proceed to hold hearings or to proceed to trial on the indictment against Respondent.

## CONCLUSION

This Court should hold that Respondent abused his discretion when, without a hearing, he removed David Christopher Hesse as Relator's attorney and appointed Harris S. Wood, Jr. to represent Relator. This Court should further hold that a writ of prohibition is necessary to prevent the Respondent from proceeding to trial on the indictment against Relator. This Court should thereafter issue its writs of mandamus and prohibition in conformity with the allegations of this Petition and the Court's findings. This Court should grant Relator general relief.

Respectfully submitted,

/s/ D. Chris Hesse
David Christopher Hesse
S.B.O.T. # 24049081
112 West 8th Avenue, Suite 301
Amarillo, Texas 79101
Tel: (806) 350-6785
Fax: (806) 350-6786
Chris@PanhandleCriminalDefense.Attorney
Attorney for Relator, Brandon Jay Carter

Of Counsel:

L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

Michael Mowla #24048680
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
(972) 795-2401
Fax: (972) 692-6636
michael@mowlalaw.com

13

# CERTIFICATE OF SERVICE

I, the undersigned attorney, in accordance with the Rule 9.5, T.R.A.P., certify that a true and correct copy of the foregoing Petition was delivered to:

Honorable Thomas R. Culver, III
240TH Judicial District Court
Fort Bend County Justice Center
1422 Eugene Heimann Circle
Courtroom: Room 3E
Richmond, Texas 77469
Becky.Fisher@fortbendcountytx.gov

John F. Healey, Jr., District Attorney
Gail Kikawa McConnell, Ass't District Attorney
1422 Eugene Heimann Circle
Richmond, TX 77469
Gail.McConnell@fortbendcountytx.gov

Harris S. Wood, Jr.
701 North Post Oak Road #425
Houston, Texas 77024
Fax: (281) 579-1586
hwoodatty@yahoo.com

On May 14, 2015.


/s/ D. Chris Hesse
D. Chris Hesse

## CERTIFICATE OF COMPLIANCE

This is to certify that, using the word count feature of WordPerfect X7, the total number of words in the Petition is 2138, *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of questions presented, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface in 14-point Georgia and the footnotes are in a proportionally-spaced typeface in 12-point Times New Roman.

/s/ D. Chris Hesse
David Christopher Hesse

# APPENDICES

# APPENDIX 1

# THE STATE OF TEXAS

### VS

## BRANDON JAY CARTER

| | |
|---|---|
| **D.O.B.:** 04/25/1991 | **DA CONTROL NO:** 12-006209 |
| **FELONY CHARGE:** BURGLARY HABITATION INTEND SEX OFFENSE/ F1 | **ARREST DATE:** Not arrested on this charge |
| **CAUSE NO:** 12-DCR-061186 | **OFFENSE DATE:** September 26, 2011 |
| **DISTRICT COURT NO:** 240th | **AGENCY/AGENCY NO:** FORT BEND COUNTY SHERIFF'S OFFICE/ 110025389 |
| **BAIL AMOUNT:** $50,000.00 | **PRIOR CAUSE NO:** |
| **RELATED:** | **CO-DEF:** |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Fort Bend County, Texas, presents in the District Court of Fort Bend County, Texas, that in Fort Bend County, Texas, **BRANDON JAY CARTER**, hereafter styled the Defendant, heretofore on or about **September 26, 2011**, did then and there intentionally or knowingly enter a habitation, without the effective consent of Larissa Treybig, the owner thereof, and attempted to commit or committed the felony offense of sexual assault;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

A. Bentancourt
Date:

FILED
2012 AUG 20 PM 12: 22
CLERK DISTRICT COURT
FORT BEND CO. TX

_John C. Whitten_

FOREMAN OF THE GRAND JURY

INDICTMENT   (ORIGINAL/DA)

# APPENDIX 2



# ORDER APPOINTING COUNSEL

## Cause No. 12-DCR-061186 -240TH

The State of Texas

Vs.

BRANDON JAY CARTER

Upon determination by the Court that this Defendant is indigent, DAVID CHRISTOPHER HESSE is hereby appointed to defend BRANDON JAY CARTER.

December 10, 2012

_Thomas R. Culverton_
Presiding Administrative Judge

# FILED

2012 DEC 12 PM 2: 14

_Annie Rebecca Elliott_
CLERK DISTRICT COURT
FORT BEND CO. TX



12-DCR-061186
ORAP
Order Appointing
2206042

# APPENDIX 3

# CRIMINAL DOCKET

CAUSE NO: 12-DCR-061186

| COURT NO. | STYLE OF CASE | ATTORNEYS | | CASE TYPE FILED |
|---|---|---|---|---|
| 240th Judicial District Court | THE STATE OF TEXAS VS BRANDON JAY CARTER | DISTRICT ATTORNEY | | Adult Felony - Filed by Indictment |
| **DATE OF FILING** | | | STATE | **OFFENSE** |
| MONTH | DAY | YEAR | | DEFENDANT | BURGLARY HABITATION INTEND SEX OFFENSE |
| August 20, 2012 | | | | |

## ORDERS OF COURT

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | BAIL SET AT: 50,000 |
| 11 | 26 | 12 | Reset to 1.9.13 @ 2:30 pm |
| 12 | 10 | 12 | Doug Christopher Yussie appeared to represent defendant per order on file. |
| 1 | 9 | 13 | was no answer. 2-6-13 @ 2:30pm |
| 2 | 6 | 13 | RS 3-6-13 @ 2:30 pm |
| 03 | 06 | 2013 | Reset to 03-25-2013 @ 1:30 pm |
| 03 | 25 | 13 | Reset to 04/29/13 @ 1:30 pm |
| 04 | 29 | 13 | Reset to 06/20/13 @ 9:00 am |
| 06 | 25 | 13 | Reset to 8-13-13 @ 9:00 am |

CAUSE NO: 12-DCR-061186
THE STATE OF TEXAS vs BRANDON JAY CARTER

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 08 | 05 | 13 | Order on State's motion to collect Defendant's Finger print granted per order on file. |
| 08 | 13 | 13 | MS to 09/30/13 @ 1:30pm @ |
| 09 | 30 | 13 | Reset to 11-4-13 @ 1:30pm |
| 11 | 04 | 13 | MS to 12/02/13 @ 1:30pm @ |
| 11 | 4 | 13 | D present with counsel Otten Hess. Same ground (Spr' Panel) Record No. 131106164741. Court ordered fingerprint taken of the Defendant. Writ Hearing conducted. Detra called Stephni Raney (Mother of D) who testified. Both sides closed and argued. Bond Reduced to $40,000 with conditions. @ |
| 12 | 02 | 13 | MS to 01/13/14 @ 1:30pm @ |
| 01 | 13 | 14 | MS to 02/18/14 @ 9:00 and |
| 2 | 18 | 14 | Reset to 3-10-14 @ 1:30pm |
| 3 | 17 | 14 | Reset to 4-7-14 @ 1:30pm |
| 4 | 07 | 14 | MS to 05/19/14 @ 1:30pm |
| 5 | 19 | 14 | RS to 06/23/14 @ 1:30pm |
| 06 | 23 | 14 | Agreed Discovery Order agreed To |
| 9 | 7 | 14 | RS 8/18/2014 @ 1:30PM |
| 08 | 18 | 14 | MS/JT to 09/03/14 @ 9:00am. |

# CRIMINAL DOCKET

CAUSE NO: 12-DCR-061186

| COURT NO. | STYLE OF CASE | ATTORNEYS | | CASE TYPE FILED |
|---|---|---|---|---|
| 240th Judicial District Court | THE STATE OF TEXAS VS BRANDON JAY CARTER | DISTRICT ATTORNEY | | Adult Felony - Filed by Indictment |
| **DATE OF FILING** | | | STATE | **OFFENSE** |
| MONTH DAY YEAR | | | DEFENDANT | BURGLARY HABITATION INTEND SEX OFFENSE (F1) |
| August 20, 2012 | | | | |

| DATE OF ORDERS | ORDERS OF COURT | |
|---|---|---|
| MONTH DAY YEAR | | |
| | BAIL SET AT: 50,000 | |
| 09 23 14 | Reset to 10/14/14 @ 1:30pm | |
| 10 14 14 | D & (atty Chris Hesse) + asst. D.A. Patel present on D's Mot. for Eppt. of Eyewitness ID Expert D sworn D rejected any State's offer for a plea. D's Mot. for Expert is granted $7280. [signature] Judge | |
| (Reported: Cis) | | |
| 12 02 14 | Reset to 02/17/15 @ 8:30am. | |
| 2 17 15 | Deft present in person & by counsel, Chris Hesse; State prosed by Asst DA's STUTI PATEL & AMANDA BAW. PreTrial Motion heard & ruled on of record. Jury panel summoned. Deft's request for jury panel shuffle GRANTED. Shuffled panel seated at 11:35 A.M. Court's voir dire instructions given (over) | |

CAUSE NO: 12-DCR-061186
THE STATE OF TEXAS vs BRANDON JAY CARTER

ORDERS OF COURT

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 17 | 15 | (Continued) until 12:03 PM. Panel admonished & seated until 1:30 PM. Resumed 1:30. State's attorney due ___ concluding at 3:00 PM. Recess. Resume & Defs' voir dire began & concluded at 5:15 PM. Conference between Court & Counsel. Panel released until 9 AM Wed 2/18/15. |
| 2 | 18 | 15 | Resumed 9 AM. Jurors for cause & peremptory challenges. Selection completed at 11 AM. Motions ___ in limine heard. Jury sworn. Presence Jury to be released to Court until ___ Jury admonishment & released to Court until NOT SWORN. Witnesses sworn & ___ invoked. State's opening statement began at 11:38 AM concluded at 11:45 AM. Def's opening statement began concluding at 11:55 AM. Recessed until 1:30 PM. Resumed 1:30 PM. State's evidence began ___ until 1:57 PM. ___ Sheriff Don Kimball testified on direct exam until 1:57 PM, recessed until 2:13 PM, on re-direct exam until 2:14 PM. Witness Terry Lanier testified on direct exam until 2:59 PM re-direct until 3:15 PM. State's evidence on direct exam until 3:15 PM State's evidence ___ PM, on cross. Witness complainant on direct exam until court recessed until 9 AM 2/19/15 |
| 2 | 19 | 15 | Resumed 9:13 AM State's evidence cont'd. Complainant on cross-direct until 9:55 AM on re-direct until 9:56 ___ completed on Resumed 10:20 AM. State's evidence continued witness WANDA Harper (witness Arthur) testified on direct exam until 10:40 AM, on cross until 11 AM Witness ___ testified on direct exam until 11:18 AM, on cross Rec 11:25 AM. Recess witness Charles Scott testified on direct exam ___ (to be continued on the next page) |

(next page)

# DOCKET

CAUSE NO.

| COURT NO. | STYLE OF CASE | ATTORNEY'S | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| | THE STATE OF TEXAS | STUTI PATEL | | | | |
| STENOGRAPHER USED? | | AMANDA BOLIN PLAINTIFF | | | | |
| (YES)    NO | VS. | | | | | |
| | | DEFENDANT | | JURY FEE | | |
| LIZ WITTU | BRANDON JAY CARTER | CHRIS HESSE | | PAID BY | | |

| DATE OF ORDERS | | | ORDERS OF COURT | MICROFILM | |
|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | REEL | FRAME |
| 2 | 19 | 15 | (Cont'd) Witness Dep. Charles Scott cont'd before jury Legg 11:37AM, concluding 11:50 Noon Recess until 1:20 PM Resumed 1:32P.M. States evid. cont'd. Witness ⑤ Investigator CRAIG CRABTREE Ft. Bend Co Crime Scene Unit testified on direct exam until 1:40 P.M, on cross-exam until 1:48 P.M. States witness ⑥ Ft Bend Co Sgt KIMORESKOWICE testified on direct exam until 2:18 P.M, on cross-exam until 2:25P.M, on re-direct and re-cross until 2:30P.M. Recess at 2:30 until 2:45 PM Resumed 2:46P.M. State: Witness ⑦ Chambers County Sheriff: Office C.I.D Capt. Duane Wright testified on direct exam until 4 PM Recess Resumed 4:16. Witness Capt Wright cont'd on direct exam until 4:31PM were excused until 9AM Friday 2/20/15. Recess until 9AM. | | |
| 2 | 20 | 15 | Deft's counsels motion to recuse trial court & for mistrial were argued & overruled (1 hr 20 min) 10 OUT OF 5 JURORS PRESENT Resumed 9:10AM. Witness Capt Wright on stand. Video exhibit played for jury beginning at 9:18 AM, concluding at 10:32A.M. Recess until 10:55 A.M. Deft's cross-exam began then, concluding at 12:05P.M. recess until 1:35 P.M. Resumed 1:49 PM Capt Wright cont'd on cross-exam until 2:55P.M. Recess until 3:18 P.M. Witness Capt Duane Wright cont'd on cross exam until 3:28 P.M. Re-direct exam until 3:27P.M Witness Forensic Scientist Clare MOYERS testified on direct exam until 4:05 PM Recessed until 8:45AM Monday 2/23/15 (over) | | |

| DATE OF ORDERS | | | ORDERS OF COURT CONTINUED | MICROFILM | |
|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | REEL | FRAME |
| 2 | 23 | 15 | Resumed 9 AM. All counsel & Def. present. Jury brought into Courtroom & turned until 10:45. Out of jury's presence, State & witness testified. Jury brought in. State's witness Lovely testified, direct. From 9:18 to 9:30, on cross exam until 10:05, on re-direct (including playing of tape) until 10:21 P.M. on re-cross. Jury recalled. Witness Lovely testified, direct exam until 11:47 AM, on cross exam until 12:20 P.M., redirect until 12:30 PM. Recess until 1:55 P.M. Resumed 2 PM. State's civil continues. Re: Hole ①Harris Co. Deputy Sheriff ②Harris Co. Deputy on direct exam until 2:30 PM on cross exam until offense. Witness testified. Resumed 3:13 P.M. Recessed until 3:30 P.M. Resumed 3:45 P.M. Stipulous witness Deputy Raven testified, on direct exam until 3:50 P.M., on cross exam until 4:20 PM. Stipulous witness Deputy Jenkins testified, direct exam on cross exam until 4:54 P.M. Arguments heard. Stipulous offense until 4:28 P.M. & evidence. Jury recalled at 5:23 PM. Witness (Jenkins testified) on direct exam until 5:40 PM. State offers & Court admits. Sx-31 (Conviction for Public Intoxication). Jury recessed until 9 AM Tuesday 2/24/15. All counsel & Def. present. Resumed before jury at 9:50 A.M. Def. witness Lloyd Mayoss testified. Witness Lloyd Mayoss testified, direct exam until 10:45. Recess until 11:00. Witness Lloyd Mayoss cont'd until 12:15 PM. |  |  |
| 2 | 24 | 15 | Lunch recess until 1:45 PM. Resumed 1:50 P.M. Witness Mayoss cont'd on direct exam until 2:54 PM, on no direct until 2:55 P.M. Parting until 11:58 P.M. on cross exam until 11:58 PM, on re-direct until 2:55 P.M. Parting & arrive by State's request upon resumption of rebuttal. State's case (cont.) |  |  |

# CRIMINAL DOCKET

CAUSE NO:

| COURT NO. | STYLE OF CASE | ATTORNEYS | | CASE TYPE FILED |
|---|---|---|---|---|
| 240th Judicial District Court | THE STATE OF TEXAS VS | DISTRICT ATTORNEY | | Adult Felony - Filed by Indictment |

| DATE OF FILING | | | STYLE OF CASE | STATE | OFFENSE |
|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | DEFENDANT | |
| | | | BRANDON JAY CARTER | | |

## ORDERS OF COURT

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 24 | 15 | (Continued). Resumed before jury at 3:16 P.M. State's Ft Bend County Sheriffs Witness Detective Tommy Thompson testified on direct exam until 4:01, on cross exam until 4:55. Recessed until 9 Am Wed 2/25/15 |
| 2 | 25 | 15 | Resumed 9:08 A.M. State's Witness detective Tommy Thompson continued on Cross-exam until 10 AM, on redirect exam until 10:12 A.M., on re-cross. State rests at 10:14 AM. Out of pres Jury retired. Deft's Motion for Directed Verdict urged DENIED. Changes to the Courts proposed charge were made. Charge approved with changes made. Jury recalled to Courtroom at 11:04 P.M. Deft rests without evidence. Charge filed & read to jury beginning at 11:09 P.M. concluding at 11:79 A.M. State's opening argument began then, concluding at 11:48. Deft's argument began then, concluding at 12:36; State close began then, concluding at 12:39 P.M. Jury retired to deliberate at that time. |

| MONTH | DAY | YEAR | ORDERS OF COURT |
|---|---|---|---|
| 2 | 25 | 15 | (Continued) |
| | | | Two messages in writing from jury received. Jury recalled to Courtroom at 2:35 PM and (1) Question One (1:15 PM) re: instructions (2) Question Two — Reporters notes before answers by consent of both parties. Jury returned to deliberate at 2:38 PM. Message in writing from jury answered in writing by agreement of both parties (re: return "Exhibits") Jury returned to rooms from jury room as a group in bailiffs custody. |
| | | | Jury deliberations at 4:06 PM. Jury required to return to rooms. State & Defense agree. Jury recalled to Court ___ PM. Jury required to separate for the day at 6:50 PM. Jury recalled to Court ___ agree to separation from jury to return ___ 9 AM Thursday 2/26/15. |
| 2 | 26 | 15 | Jury resumed deliberations at 9:20 AM. Message in writing from jury at 10:50 AM indicates "we are deadlocked ___ and our differences are irreconcilable." "Allen" charge approved by both sides was sent in at 11:35 AM. Message from jury in writing at 11:50 AM Jury recalled to Court 12 Noon. Message from jury ___ Def motion for mistrial GRANTED. Jury discharged ___ with Court upon ___ a fine of $500 fine. ___ Christopher Heda in Contempt Court on Clerk to swear out ___ for Christopher Heda in Contempt ___ Defendant ___ to make personal appearance bond ___ office of the Court. |

# APPENDIX 4

12 – DCR – 061186
ORDER
Order
3454475



# ORDER TO SUBSTITUTE COUNSEL

## STATE OF TEXAS

### VS

## BRANDON JAY CARTER

### Cause No. 12-DCR-061186

Upon determination by the Court that this defendant is indigent,

ATTORNEY HARRIS S. WOOD, JR. is hereby appointed to substitute

ATTORNEY CHRIS HESSE to defend BRANDON JAY CARTER.

Date: March 02, 2015

**COURT ADMINISTRATION
COORDINATOR**

MA__ __ 2015

Cl__ __ __ Court, Fort Ben__ __, TX



# ORDER APPOINTING COUNSEL

## Cause No. 12-DCR-061186

The State of Texas

Vs.

BRANDON JAY CARTER

Upon determination by the Court that this Defendant is indigent, HARRIS S. WOOD, JR is hereby appointed to defend BRANDON JAY CARTER.

March 02, 2015

_____
Presiding Administrative Judge

FILED

MAR 2015

AT 1:44 P .M.

Clerk District Court, Fort Bend Co., TX



BRANDON JAY CARTER
802 Vestabend
Houston, Tx 77073
Home: 281-232-6744

## ORDER AND NOTICE OF COURT APPOINTED ATTORNEY

### Cause No. 12-DCR-061186

### The State of Texas Vs. BRANDON JAY CARTER

You are hereby notified that HARRIS S. WOOD, JR, whose address and telephone number appear below, is hereby appointed as your attorney. Such representation will continue until this case is disposed, and appeals are exhausted, or replaced by an attorney whom you choose to retain.

**Your FIRST COURT DATE is as follows: April 06, 2015 at 1:30 PM at the 240th District Court.**

IMPORTANT: If the Bail Bond you received at the jail gives you a different court date than the one listed above for the bond cases, you MUST appear on the earliest date to prevent your bond from being forfeited. It is your responsibility to be present at all of your court dates.

You should arrive at the Court Room at least thirty (30) minutes prior to your arraignment time to allow for parking and to meet your attorney. If you are late or do not appear, a warrant will be issued for your arrest and your bond will be forfeited.

_____
Presiding Administrative Judge

HARRIS S. WOOD, JR
2190 NORTH LOOP WEST
STE 308
HOUSTON, TX 77018
281-924-5876

**Levy, Raquel**

| | |
|---|---|
| **From:** | Levy, Raquel |
| **Sent:** | Monday, March 02, 2015 3:55 PM |
| **To:** | 'hwoodatty@yahoo.com' |
| **Subject:** | FELONY APPOINTMENT - CERTIFICATE OF CONTACT |
| **Attachments:** | CERTIFICATE OF CONTACT.doc |

Dear Counsel:

You have been appointed by the court to represent:

Name:       Brandon Jay Carter

DOB:        04/25/1991

Address:    802 Vestabend
            Houston, Tx  77073

Phone:      281-232-6744

Charge:     Burglary Habitation Intend Sex Offense – C#12-DCR-061186

Court Date: 4-6-15 @ 1:30 PM IN THE 240TH DISTRICT COURT

If the defendant has made bond, they may be reached at this address and phone otherwise they will be in the Fort Bend County Jail. As you are aware it is your responsibility to make every reasonable effort to contact the defendant by the end of the next working day after today.  Failure to comply with this responsibility may result in your replacement as counsel for the defendant pursuant to Art. 26.04(k) of the Code of Criminal Procedure.

Please reply to this email IMMEDIATELY and acknowledge your receipt of receiving.

Raquel Levy
Administrative Court Services
Indigent Defense Coordinator
301 Jackson St.
Richmond, Tx 77469
281-341-3780
FAX #281-238-3224
Raquel.Levy@fortbendcountytx.gov





FILED

MAR 13 2015

AT ___11:45___ M.

Clerk District Court, Fort Bend Co., TX

1

# APPENDIX 5

# UNSWORN DECLARATION
## CPRC § 132.001

"My name is Brandon Jay Carter, my date of birth is April 25th, 1991, and my address is 1410 Ransom Road, Richmond, Texas 77469. I declare under penalty of perjury that the following is true and correct.

I want Attorney David Christopher Hesse to remain as my court appointed attorney in Cause # 12DCR61186 in the 240th District Court, Fort Bend County, Texas. I never asked for another counsel in this matter."

EXECUTED in Fort Bend County, State of Texas on the 4th day of March, 2015.

_____
Declarant

# APPENDIX 6

No. 12-DCR-061186

| THE STATE OF TEXAS | § | IN THE 240TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BRANDON JAY CARTER | § | FORT BEND COUNTY, TEXAS |

## AMENDED ORDER TO SUBSTITUTE APPOINTED COUNSEL

On March 2, 2015, the Presiding Administrative Judge, James H. Shoemake, upon the request of Thomas R. Culver, III, the elected judge of the 240th District Court, entered an Order appointing Harris S. Wood, Jr. to defend Defendant, Brandon Jay Carter. In accordance with this Court's docket entry, the Court Administration Coordinator issued a notice substituting Mr. Wood for appointed attorney Chris Hesse. This amended order is now entered to memorialize good cause for the substitution of counsel.

Mr. Hesse represented Defendant in a jury trial, commencing February 17, 2015, with the selection of a petit jury, which was empaneled and sworn on February 18, 2015. The jury could not come to a unanimous decision, and Defendant's motion for a mistrial was granted on February 26, 2015. After the jury was released from service, Mr. Hesse was found in contempt of court by the Hon. Lee Duggan, Jr., sitting by assignment. Mr. Hesse sentenced to a $500 fine, and released on a personal recognizance bond. Attached hereto, without

1



attachments, is a copy of the Notice of Allegations of Contempt and Order Setting Show Cause Hearing set for March 23, 2015. [Exhibit 1]

In addition to the allegations of contempt, the reporter's record reflects several exchanges between Mr. Hesse and the trial court wherein Mr. Hesse expressed his concern about being held in contempt and "asked to be removed from this case because my interests are adverse to my client's at this very moment." [Exhibit 2, RR-Feb. 24, 2015 at 5] And again, "I ask that I be withdrawn as attorney of record. . . ." [Exhibit 3, RR-Feb 25, 2015 at 57]

Because Mr. Hesse is subject to a show cause hearing for contempt and had asked to be removed from this case because he might be held in contempt, this Court hereby finds good cause to remove David Christopher Hesse as the appointed attorney in this cuase and to substitute Harris S. Wood, Jr. to defend Brandon Jay Carter.

In addition, on March 3, 2015, the Indigent Defense Coordinator has notified the Court that Mr. Hesse asked to be removed from all appointment lists because he is moving to Amarillo in May 2015. [Exhibit 4, being the affidavit of Raquel Levy]

Signed on March 12, 2015.

_____
Thomas R. Culver, III
Presiding Judge, 240th District Court

FILED
MAR 12 2015
AT ___4:24___ P M
Clerk District Court, Fort Bend Co., TX

2

# Exhibit 1





No. 12-DCR-061186

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 240TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BRANDON JAY CARTER, Defendant | § | FORT BEND COUNTY, TEXAS |

IN RE: DAVID CHRISTOPHER HESSE

## NOTICE OF ALLEGATIONS OF CONTEMPT AND ORDER SETTING SHOW CAUSE HEARING

Notice is hereby given to Respondent, David Christopher Hesse, that certain conduct by you, more fully set forth hereinbelow, is considered by this Court to be prima facie evidence of contempt of court. Attached hereto as Exhibit A, and incorporated herein, is a copy of the Reporter's Record of the Court's Judgment of Contempt and Commitment Order. Attached hereto as Exhibit B, and incorporated herein, is a copy of the Reporter's Record of the Testimony of Detective Thompson. Attached hereto as Exhibit C, and incorporated herein, is a copy of the audio recording of the trial proceedings on February 24-26, 2015.

### 1. Factual Allegations

1.01 Respondent is the attorney of record for the Defendant in the above-entitled and numbered cause.

FILED
2015 MAR -9 AM 8: 40

CLERK DISTRICT COURT
FORT BEND CO., TX

1.02 A jury trial commenced on February 17, 2015, with the selection of a petit jury on February 18, 2015, which was sworn that day.

1.03 On February 18, 2015, the indictment was read, and the Defendant pleaded, "Not Guilty." The State and Respondent for the defense presented opening statements, after which the State's evidence began.

1.04 On February 24, 2015, defense witness Lloyd Malpess testified by agreement of the parties out of order, before the State rested its case.

1.04 On February 24, 2015, Respondent argued with the Court's rulings.

1.05 On February 24, 2015, Respondent interrupted the Court as the Court spoke.

1.06 On February 24, 2015, Respondent pursued questioning on certain matters after being instructed not to do so.

1.07 On February 24, 2015, The Court advised Respondent outside the presence of the jury, that his conduct was contemptuous, that he would not be held in contempt for what had occurred thus far, and that he should proceed with care and would be held in contempt if he persisted in such behavior.

1.08 On February 25, 2015, despite the Court's warnings the day before, Respondent again persisted in disrupting the proceedings of the Court during his cross-examination of the State's witness, Detective Tommy Thompson.

1.081 Respondent argued with the Court's rulings, including "I want to know more about this DeMarcus Hawthorne" [Ex A at 54]; "I have a

right to confront, sir" [Ex A at 56]; "I object to being denied--" [Ex A at 80-81]; "I can put my objection, now, sir. My objection--" [Ex A at 81]; "My objection is I--" [Ex A at 81]; "My client is being denied— my client is being denied--" [Ex A at 81]; "And I want to put it on the record, sir. I want to put it on the record--" [Ex A at 81]; "I object that my client is being denied his right to confront--" [Ex A at 81]; "Every time you talk over me, sir, I'm not getting on the record. I object--" [Ex A at 82]; "I'd like to make an offer of proof now, sir" [Ex A at 82]

1.082 Respondent refused to give an estimate of how long Respondent intended to cross-examine the witness, "As long as I see fit, sir," "I don't know," "I'll determine that," "You can deal with that when it comes sir," and when the Court asked for Respondent's best estimate, Respondent twice answered, "No, sir." [Ex A at 58-62]

1.082 Respondent four times continued to pursue questioning about bad acts or convictions of DeMarcus Cortez Hawthorne after the State's object to relevance was sustained, and the Court had instructed counsel to move on to another topic. [Ex A at 43-45, 80]

1.083 Respondent twice continued to pursue questioning about latent prints after the State's objection was sustained, and the Court had

instructed Respondent to move on to new material. [Ex A at 55-56]

1.084 Respondent interrupted the Court when the Court spoke:

The Court: You have the usual pathway of objections—

Respondent: And I want to put it on the record, sir. I want to put it on the record—

The Court: And do not talk over the Judge.

[Ex A at 81]

1.09 On February 25, 2015, the State rested after Det. Thompson's testimony, the defense rested, and the evidence was closed. The Court's charge was read, closing arguments were made, and the jury was retired to deliberate on guilt-innocence. The jury was allowed to separate at about 6:50 p.m. on the agreement of the parties.

1.10 On February 26, 2015, the jury resumed deliberating, but sent out a written note stating "our differences are irreconcilable." The Court prepared an Allen charge that was approved by the parties and which was sent to the jury. However, at about noon, the jury was returned to the courtroom, Defendant's motion for mistrial was granted, and the jury was discharged.

1.11 On February 26, 2015, after the jury had been discharged, the Court entered a Judgment of Contempt and Commitment Order after finding Respondent in contempt and authorized Respondent to make a personal appearance bond as an officer of the Court.

## 2. Allegations of Contempt

2.01   The conduct of the Respondent, as described hereinabove, is contumacious for the reason that it significantly disrupts the orderly proceedings of the court and the proper and effective administration of justice by causing unnecessary delay and the waste of judicial resources.

## 3. Legal Principles

3.01   In determining whether or not the Respondent is in contempt, this Court is cognizant of and guided by the principle that the essence of contempt is not an offense against a particular judge's personal sensibilities, but is instead an affront to the authority, justice or dignity of the court, which conduct obstructs the proper and effective administration of justice. *Brown v. United States*, 386 U.S. 148 (1958).

3.02   Contempt has been defined as an act which is reasonably calculated to impede, embarrass, or obstruct the court in the lawful discharge of its duties. *Ex parte Soape*, 347 S.W.2d 621 (Tex. 1961).

## 4. Range of Punishment

4.01   The range of punishment for contempt is a fine of not more than $500.00, or confinement in the county jail for a period of not more than six months, or by both a fine and a period of confinement.

## 5. *Assigned Judge*

5.01 Pursuant to Section 21.002(d) of the Government Code, the Honorable Olen Underwood, presiding judge of this administrative region, has appointed the Honorable Michael Seiler, to determine the guilt or innocence of the Respondent.

Signed March 6, 2015.

_Lee Duggan, Jr._
Hon. Lee Duggan, Jr.
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas



## SHOW CAUSE ORDER

IT IS HEREBY ORDERED that the Respondent, David Christopher Hesse, appear before this Court at 10:00 a.m. on March 23, 2015, to show cause why he should not be held in contempt of court and punished accordingly.

## NOTICE OF SHOW CAUSE ORDER

IT IS FURTHER ORDERED that the Clerk of this Court shall cause a NOTICE OF SHOW CAUSE ORDER to be served on Respondent in person on March 9, 2015, upon his appearance at 10:30 a.m. in this Court as Respondent swore he would when released on a personal recognizance bail bond. A copy of this notice and order shall also be provided to the Honorable Olen Underwood, Administrative Judge; the Honorable Michael Seiler, Presiding Judge by assignment; and the Honorable Thomas Culver, Presiding Judge of the 240th District Court.

Signed March _6th_, 2015

Hon. Michael Seiler
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas



7

# Exhibit 2



REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 12-DCR-61186

THE STATE OF TEXAS       ) IN THE DISTRICT COURT
                            )
VS.                     ) FORT BEND COUNTY, TEXAS
                            )
BRANDON JAY CARTER     ) 240TH JUDICIAL DISTRICT

---

### EXCERPT OF BENCH CONFERENCE

---

On the 23rd day of February, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable LEE DUGGAN, JR, Presiding Judge, held in Richmond, Fort Bend County, Texas.

Proceedings reported by computerized stenotype machine.



APPEARANCES

AMANDA BOLIN
STUTI PATEL
DISTRICT ATTORNEY'S OFFICE
301 Jackson Street
Richmond, Texas 77469
Telephone: 281-341-4460
Attorney for The State of Texas


CHRIS HESSE
ATTORNEY AT LAW
1110 Front Street, Ste. C
Richmond, Tx 77469
Telephone: 281-984-0051
Counsel for Brandon Carter



(Judge enters)

(Out of the presence of the jury)

THE COURT: Thank you, have a seat.

MR. HESSE: Your Honor, my we approach on the record?

THE COURT: Approach.

MR. HESSE: Your Honor --

THE COURT: Do you want your defendant here before we speak?

MR. HESSE: Yes, that would be great.

THE COURT: Counsel, may I have both of you here for a bench conference?

MS. PATEL: Yes, Judge.

MS. BOLIN: Yes, your Honor.

THE COURT: I don't want to talk to either of you about evidence in the matter at this time but simply scheduling and procedure.

Are your witnesses here for those matters that you propose to offer proof about?

MS. PATEL: Yes, your Honor.

THE COURT: Is your out of town witness here?

MR. HESSE: Your Honor, just before we hit that just really quick.

THE COURT: I'm sorry?



MR. HESSE: Just before we talk about that, I would like -- just prior to the court reporter coming into the courtroom, you called us up to talk to us about the case.

THE COURT: That's correct. I did.

MR. HESSE: And I demanded that everything be put on the record.

THE COURT: And I don't want to hear some authority from you on that the fact the Judge is not entitled to have the cooperation of lawyers on non-trial matters.

MR. HESSE: I demanded that everything that's said between the attorneys and the Judge be put on the record and at which point you advised me if I persist in making that demand, you would hold me in contempt.

THE COURT: I'm going to certainly consider it because you've been an impediment to the orderly flow of the case. You haven't been held in contempt yet.

MR. HESSE: That's what -- um -- what you told me is you would -- if I persist in that course of action insisting that this be put on the record that you would hold me in contempt. And so, sir, now -- if you would allow me to speak -- now that I'm afraid of being



held in contempt --

THE COURT: Be careful. We are starting even.

MR. HESSE: Now that I'm afraid of being held in contempt, I ask for a continuance and I ask for a mistrial and I ask to be removed from this case because my interest are adverse to my client's at this very moment.

THE COURT: Tell me how your interests are adverse to your client?

MR. HESSE: I can't defend my client when I'm afraid of being held in contempt.

THE COURT: As I say, you have not been and although I've been told orally about matters that I didn't hear that have been said that you said so you are treading close. But it's a clean slate and a brand new week. So your motion is for --

MR. HESSE: For a continuance, for a mistrial and that I be withdrawn as the attorney of record.

THE COURT: Each of your motions is overruled.



STATE OF TEXAS

COUNTY OF FORT BEND

    I, Liz Wittu, Official Court Reporter in and for the 240TH District Court of Fort Bend, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

    I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid/will be paid by _____.

/S/ Liz Wittu_____

Liz Wittu, CSR
Texas CSR 7928
Official Court Reporter
240TH District Court
Fort Bend County, Texas
301 Jackson
Houston, Texas 77469
Telephone: 281-341-8601
Expiration: 12/31/2015



# Exhibit 3



REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 12-DCR-61186

THE STATE OF TEXAS          ) IN THE DISTRICT COURT
                            )
vs.                         ) FORT BEND COUNTY, TEXAS
                            )
BRANDON JAY CARTER          ) 240TH JUDICIAL DISTRICT

---

**EXCERPT OF TESTIMONY**

---

On the 24th & 25th day of February, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable LEE DUGGAN, JR, Presiding Judge, held in Richmond, Fort Bend County, Texas.

Proceedings reported by computerized stenotype machine.

## APPEARANCES

AMANDA BOLIN
STUTI PATEL
DISTRICT ATTORNEY'S OFFICE
301 Jackson Street
Richmond, Texas 77469
Telephone:  281-341-4460
Attorney for The State of Texas


CHRIS HESSE
ATTORNEY AT LAW
1110 Front Street, Ste. C
Richmond, Tx 77469
Telephone:  281-984-0051
Counsel for Brandon Carter

rule on the objections, that's it.  I don't want to argue about it.  That's contempt.  I'm trying to stay away from contempt.  I would like to finish this case.

How long, additionally, do you think it's going to be before you're finished this evening?

MR. HESSE:  Sir, are you threatening me with contempt?

THE COURT:  Sir?

MR. HESSE:  Are you threatening me with contempt?

THE COURT:  No, sir, I'm telling you that your conduct borders on it.  But I've overlooked a lot, and I intend to continue to try to overlook a lot.

MR. HESSE:  If my conduct borders on contempt, I ask for a continuance.  I ask for a mistrial.  I ask that I be withdrawn as attorney of record, and I ask that the issue of my contempt be --

THE COURT:  We've been over all this before.

MR. HESSE:  The issue of my contempt be --

THE COURT:  And do not try to talk over me.  She only takes my voice when the two of us are being heard.

MR. HESSE:  That's very unfortunate, sir.

THE COURT:  Sir?

STATE OF TEXAS

COUNTY OF FORT BEND

I, Liz Wittu, Official Court Reporter in and for the 240TH District Court of Fort Bend, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid/will be paid by _____.

/S/ Liz Wittu
_____

Liz Wittu, CSR
Texas CSR 7928
Official Court Reporter
240TH District Court
Fort Bend County, Texas
301 Jackson
Houston, Texas 77469
Telephone: 281-341-8601
Expiration: 12/31/2015



# Exhibit 4



THE STATE OF TEXAS

COUNTY OF FORT BEND

## AFFIDAVIT OF RAQUEL LEVY

BEFORE ME, the undersigned authority, on this day personally appeared Raquel Levy, who swore or affirmed to tell truth, and stated as follows:

"My name is Raquel Levy. I am over the age of eighteen years and have personal knowledge of the facts stated herein, which are true and correct.

I am currently employed as the Indigent Defense Coordinator, Administrative Court Services, Fort Bend County. I have been so employed since the year of 2007.

As part of my duties, I maintain the Misdemeanor and Felony Lists of attorneys qualified for appointment to criminal cases. On February 12, 2015, Mr. Hesse asked me to remove him from all appointment lists because he is moving to Amarillo in May 2015. I notified the judges of Mr. Hesse's request on March 3, 2015."



Raquel Levy

1



SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority

on March 12, 2015, by Raquel Levy.



_Rebecca Fisher_
Notary Public in and for the State of Texas
My commission expires:

2



I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

13 day of __March__ 20 15

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

_Lisa Tucker_
Lisa Tucker

# APPENDIX 7



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-15-00216-CR**
**NO. 01-15-00217-CR**

_____

**IN RE BRANDON JAY CARTER, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Brandon Jay Carter, has filed a petition for (1) a writ of mandamus challenging an order substituting his appointed trial counsel, and (2) a writ of prohibition preventing the trial court from holding hearings or proceeding to trial in the underlying case.[1] We **deny** the petition.

---

[1] The underlying case is *State of Texas v. Brandon Jay Carter*, cause number 12-DCR-061186, pending in the 240th District Court of Fort Bend County, Texas, the Honorable Thomas R. Culver, III presiding.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

# APPENDIX 8

# UNSWORN DECLARATION OF D. CHRIS HESSE

Under 28 U.S.C. § 1746 and Texas Civil Practice and Remedies Code § 132.001 *et seq.*, I declare under penalties of perjury that my name is David Christopher Hesse. I am also known as D. Chris Hesse. I am over the age of 18 years, and am competent to make this declaration. My date of birth is April 30, 1973. My address is 112 West 8th Avenue, Suite 301 Amarillo, Texas 79101. This document is not a lien required to be filed with a county clerk, an instrument concerning real or personal property required to be filed with a county clerk, or an oath of office or an oath required to be taken before a specified official other than a notary public. I have not been forced to sign this declaration. I declare that under the penalties of perjury that all assertions provided in this document are correct and true.

The documents that are attached to the Petition for Writ of Mandamus are true and correct copies of the original documents which are to be found among the papers of Cause No. 12-DCR-061186 in the Office of the District Clerk of Fort Bend County, Texas, or among the papers in Docket No. 01-15-00216-CR and Docket No. 01-15-00217-CR in the First Court of Appeals in Houston, Texas. I did not find out about the order removing me as the attorney for Relator until I received a phone call from Harris Wood, Jr., on March 4, 2015. There was no hearing held before the original or the amended

order was signed by Judge Culver.

Signed on May 11, 2015.

/s/ David Christopher Hesse
David Christopher Hesse
